**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Shawn Allen

    v.                                  Case No. 1:23-cv-121-SE-AJ

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Shawn Allen, a prisoner previously incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"),[1] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Mr. Allen challenges the Bureau of Prisons' ("BOP") determination that he is presently ineligible for the application of First Step Act ("FSA") time credits. Before the court is the Respondent Warden's motion for summary judgment (Doc. No. 6). Mr. Allen objects (Doc. No. 8). Because no genuine dispute of material fact exists on the issue of Mr. Allen's ineligibility for the application of FSA time credits, the district judge should grant the Warden's motion.

**Summary Judgment Standard**

"A district court ruling upon a petition for the writ of habeas corpus may hear motions for summary judgment, as in civil

---

[1] Pursuant to the Warden's status report (Doc. No. 9), Mr. Allen is presently at a Residential Reentry Center in Maryland.

litigation." Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir. 1997). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that has the "potential to affect the outcome of the suit." Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir. 2017) (citation and internal quotation marks omitted). A "genuine dispute" exists if a jury could resolve the disputed fact in the nonmovant's favor. Ellis v. Fidelity Mgmt. Tr. Co., 883 F.3d 1, 7 (1st Cir. 2018).

## Background

Mr. Allen is serving a 66-month sentence imposed by the United States District Court for the District of Maryland for Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951(a). See Decl. of Maury Yeakel, Feb. 27, 2023, ("Yeakel Decl.") (Doc. No. 11-1, ¶ 5). Mr. Allen's current projected release date via good conduct time is March 14, 2024. Id.

### I. FSA Time Credits

As of February 11, 2023, Mr. Allen has earned up to 390 days of FSA time credits, which have not been applied to affect his date of release or placement in prerelease custody (a halfway house or home confinement). Id. ¶ 7. When time credits

2

earned for certain risk-reducing activities or programs are applied to an eligible prisoner's sentence under the FSA, the credits may advance the date when the prisoner is released to begin his or her term of supervised release, or those credits may effectively reduce the prisoner's time of incarceration by allowing the prisoner to be placed in a halfway house or home confinement earlier.

II. Risk of Recidivism

Under the FSA, the BOP assesses each prisoner's risk of re-offending upon release, by applying an algorithm that generates a "PATTERN" score. Walsh v. Boncher, No. 22-cv-11197-DLC, 2023 U.S. Dist. LEXIS 10812, at *2 n.1, 2023 WL 363591, at *1 n.1 (D. Mass. Jan. 23, 2023). PATTERN is an acronym for "Prisoner Assessment Tool Targeting Estimated Risk and Needs." A PATTERN score measures the prisoner's "'criminal risk factors . . . to predict the likelihood that a person in federal prison will re-offend upon release.'" Id., 2023 U.S. Dist. LEXIS 10812, at *2, 2023 WL 363591, at *1 (citation omitted). "The four PATTERN risk scores are minimum, low, medium, and high-risk." Id.

On December 19, 2019, Mr. Allen's PATTERN score, or risk of recidivism, was assessed as high. Yeakel Decl.(Doc. No. 11-1, ¶ 6). His PATTERN score was reduced to medium on April 28, 2021.

Id. Currently, Mr. Allen's PATTERN risk score is medium[2] and has been medium in his most recent risk assessments. Id. According to the Warden, Mr. Allen has never received a minimum or low PATTERN risk score, id. ¶ 9, and Mr. Allen provides no evidence to the contrary. Further, it is undisputed that Mr. Allen has a prison disciplinary record that includes a finding of guilty as to one high and one moderate severity disciplinary offenses within the last three years. Id.; see also BOP Inmate Disciplinary Record (Doc. No. 6-1, at 12-13).

In his § 2241 petition, Mr. Allen acknowledges his medium PATTERN risk scores; nevertheless, he asserts that based on congressional intent, he is entitled to the application of his earned FSA time credits to his sentence.

## Discussion

The Warden moves for summary judgment on all of Mr. Allen's claims and asserts that the BOP's pertinent actions and sentence calculations are consistent with the FSA's requirements.[3]

---

[2] Pursuant to this court's June 12, 2023 order, which directed the parties to file updated information regarding the BOP's assessment of Mr. Allen's FSA recidivism risk level, the Warden filed a status report (Doc. No. 9), which indicates that Mr. Allen's risk assessment score remains medium.

[3] The Warden also argues that he is entitled to summary judgment because Mr. Allen failed to exhaust his administrative remedies. Where Mr. Allen's petition fails on the merits, the court need not address whether Mr. Allen failed to exhaust his administrative remedies. See Gonzalez-Garcia v. FCI Berlin, Warden, No. 23-cv-0091-SM, 2023 U.S. Dist. LEXIS 68862, at

4

Specifically, given the results of Mr. Allen's recent recidivism risk assessments and his disciplinary history, the Warden asserts that Mr. Allen is ineligible for the application of FSA time credits.  In response, Mr. Allen contends that the Warden is misinterpreting congressional intent behind the FSA and that his earned time credits should have been applied to his sentence.

The FSA generally renders a person ineligible for early transfer to supervised release if his or her risk of recidivism, as reflected in his or her most recent PATTERN score, is medium or high, and similarly precludes early placement in prerelease custody if his or her two most recent PATTERN scores are medium or high, unless the Warden has approved the person's petition for transfer to prerelease custody or supervised release.  See 18 U.S.C. § 3624(g)(1)(D)(i)-(ii); see also Goodman v. Sage, No. 4:22-CV-00981, 2022 U.S. Dist. LEXIS 233946, at *4, 2022 WL 18028148, at *2 (M.D. Pa. Dec. 30, 2022).

There is no suggestion here that the petitioner has obtained the Warden's approval of a transfer petition, or that his most recent PATTERN score is minimum or low.  Rather, the undisputed facts demonstrate that Mr. Allen's current PATTERN score and two most recent PATTERN scores have been medium.

---

*4, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).

Further, as of February 27, 2023, the Warden has not exercised his discretion to allow Mr. Allen to be transferred to prerelease custody given Mr. Allen's disciplinary record that includes one high and one moderate severity disciplinary offenses within the last three years. Yeakel Decl.(Doc. No. 11-1, ¶ 9); see also BOP Inmate Disciplinary Record (Doc. No. 6-1, at 12-13). Accordingly, the undisputed facts demonstrate that Mr. Allen is ineligible for the application of FSA time credits to his sentence, and therefore, the Warden is entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 6) and direct the clerk to enter judgment and close this case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the

district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 5, 2023

cc:  Shawn Allen, pro se
     Seth R. Aframe, Esq.

7